## Davis v. Commonwealth.

(Decided Jan. 12, 1934.)

LAWRENCE & CARTER for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellant was convicted of the offense of stealing chickens of greater value than $2, and sentenced to serve one year in the penitentiary. He appeals.

The evidence for the commonwealth discloses that one Saturday in November, 1931, Clyde Carlock and his wife left home for a neighborhood visit. It seems that

they had counted their chickens before they left home and again when they returned, and found nine missing. On Monday, they went in to the county seat and visited the stores of a couple of merchants. In one they found five of their chickens, and, in the other, three of the remaining four. They ascertained from these merchants that the appellant had sold these chickens to them. They got in touch with the appellant, and while he admitted selling the chickens to the merchants, he at first claimed that he had purchased them from some boys, but later admitted having stolen them from the Carlocks. The chickens were positively identified by the Carlocks as belonging to Clyde Carlock, and it was shown that when the chickens were taken home most of them went at once to roost and one of them who had mothered some young guineas at once went to her brood. The merchant who bought the five chickens testified that he paid the appellant $3.45 for them, and that this was their market value, and the merchant who bought the three testified that he paid $1.56 for them, which was their market value. The appellant on the witness stand denied stealing the chickens; admitted the sale of them to the merchants; denied the alleged confession; and again claimed that he had bought the chickens from some boys whose names he gave, but he was unable to explain why these boys who were available had not been summoned as witnesses. With the evidence in this state, the jury found the appellant guilty.

As grounds for reversal, he insists, first, that he was entitled to a petit larceny instruction, but as there was no evidence that the chickens were of less value than $2, this contention is without merit.

He next argues that there was error in the reasonable doubt instruction, but as the instructions given the jury were not made a part of the record by an order of court or incorporated in the bill of exceptions, they cannot under familiar and settled law be reviewed on appeal.

The judgment is affirmed.